IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANNE BECKER, | |
| Plaintiff, | 8:23CV469 |
| vs. | |
| RICHARD BRYNE; | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff Susanne Becker (aka Susann Becker, aka Susann Becker Hurd, aka Susanne Becker Hurd) has filed a motion captioned as a "Motion for Counsel and Waiver of Fees." Filing No. 4. Also before the Court is a motion captioned as a "Request for Transfer Admissions," Filing No. 5. The Court concludes the Motion for Waiver of fees is not a proper motion to proceed in forma pauperis. Even if Plaintiff had filed a proper motion to proceed in forma pauperis, the Court concludes Plaintiff's complaint would be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

Plaintiff Susanne Becker brings this action under 42 U.S.C. § 1983. Plaintiff sues Richard Bryne (also spelled "Byrne" in the Complaint), a letter carrier for the United States Postal Service (USPS) in Greely, Colorado, who is also president of "NALC local 324." Filing No. 1 at 2. Plaintiff alleges that she was previously an employee of the USPS in Evans, Colorado. Filing No. 1 at 5. In December 2017, while employed, she was involved in a dispute that resulted in Plaintiff's termination. Filing No. 1 at 5. In January 2018, Plaintiff contacted Defendant to represent her in an employment dispute arising out of the incident. Filing No. 1 at 5. Defendant declined and did not perform an

investigation. Filing No. 1 at 5. Plaintiff alleges that Defendant's failure to represent her showed the National Association of Letter Carriers was a Ponzi scheme and Defendant failed at his duties. Filing No. 1 at 6. Plaintiff seeks $4 million in damages and the rights to Defendant's personal property. Filing No. 1 at 6.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

The Court has carefully reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted) see also Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). A complaint must state enough to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Plaintiff's Complaint, even construed liberally, does not state a claim for relief. The Complaint does not comply with the general rules of pleading. In assessing whether a complaint contains sufficient facts, the Court may disregard legal conclusions that are stated as factual allegations. See Iqbal, 556 U.S. at 678. Further, even though pro se complaints are construed liberally, they still must allege sufficient facts to support the claims asserted. See Stone, 364 F.3d at 914. Plaintiff's allegations are legal

conclusions that provide few facts to support any of Plaintiff's allegations. Plaintiff does not provide sufficient information to infer that Defendant breached any duty to Plaintiff or that her claim—arising out of an incident that took place nearly six years before she filed her Complaint—is timely. Plaintiff's conclusory allegations fall far short of giving notice of the grounds for her claim, let alone notice of any fraud. See Fed. R. Civ. P. 9(b) (requiring that a party alleging fraud "must state with particularity the circumstances constituting fraud."). Accordingly, Plaintiff's allegations are not entitled to an assumption of truth and the Complaint is subject to dismissal.

### IV. MOTION FOR COUNSEL AND WAIVER OF FEES

Plaintiff's filing captioned a "Motion for Counsel and Waiver of Fees" is difficult to discern. Filing No. 4. The Court concludes that it is not a motion to proceed in forma pauperis (IFP). Under 28 U.S.C. § 1915, an indigent party may bring a lawsuit in federal court without paying the court's required costs and fees. An application to proceed IFP requires the party to submit an affidavit asserting the party's inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." § 1915(a)(1). The Court cannot identify any language that suggests Plaintiff wishes to proceed IFP, nor does Plaintiff submit an affidavit in support. Moreover, Plaintiff's other cases suggest she is aware of the IFP procedure. See, e.g., Becker v. Schenider, et al., Case No. 8:23-cv-449.

Plaintiff also references 28 U.S.C. § 2412(d)(1)(A) and asserts that Defendants will have to pay if found liable for their acts against Plaintiff, an Indian. Plaintiff asserts that, as a Choctaw Cherokee Indian, she has the right to be appointed as an "assistant

4

deputy commissioner" and need not pay filing fees. Plaintiff's request has no basis in law and is therefore denied.

Additionally, liberally construed, Plaintiff requests the appointment of counsel, specifically the appointment of the United States Attorney to represent her pursuant to 25 U.S.C. § 175 because she claims she is Choctaw Cherokee Indian. Filing No. 4. However, § 175 does not require the appointment of counsel any time a member of a federally recognized Indian tribe requests it in any civil suit. The statute provides: "In all States and Territories where there are reservations or allotted Indians the United States attorney shall represent them in all suits at law and in equity." 25 U.S.C. § 175. As several courts have recognized, § 175 "is not mandatory and . . . its purpose is no more than to ensure Native Americans adequate representation in suits to which they might be parties." *Scott v. Hormel*, 854 F. App'x 958, 960 (10th Cir. 2021) (quoting *Navajo Nation v. San Juan Cnty.*, 929 F.3d 1270, 1278 (10th Cir. 2019) (internal alterations and quotation marks omitted)); *see also Robinson v. New Jersey Mercer Cnty. Vicinage-Fam. Div.*, 514 F. App'x 146, 151 (3d Cir. 2013) ("the unanimous weight of authority suggests that the duty of representation contained [in § 175] is discretionary, not mandatory"); *Siniscal v. United States*, 208 F.2d 406, 410 (9th Cir. 1953) (same).

There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's

ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. Appx. 3, 4 (8th Cir. 2021) (unpublished) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)); *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Having carefully considered the record, the Court will not appoint counsel at this time.

## V. "REQUEST TO TRANSFER ADMISSIONS"

Plaintiff's Motion, captioned as a "Request to Transfer Admissions," is largely indiscernible. Filing No. 5. Plaintiff submitted the Motion in numerous pending cases before the Court, but fails to specify how it is relevant to the present case. Although the Motion asserts Plaintiff is entitled to "reinstatement," it does not identify the nature of the reinstatement or provide a legal basis for seeking relief. Even construed liberally, the Motion lacks a coherent statement of the relief sought and is therefore denied.

## VI. CONCLUSION

This case cannot proceed because Plaintiff's Motion to Waive Fees is not a proper motion to proceed in forma pauperis and Plaintiff failed to include the $405.00 filing and administrative fees. To proceed, Plaintiff has the choice of either submitting the $405.00 filing and administrative fees to the Clerk's office or submitting a request to proceed in forma pauperis. Failure to take either action within 30 days will result in the Court dismissing this case without further notice to Plaintiff.

The Court also notes that Plaintiff's Complaint does not allege sufficient facts to state a plausible claim. Thus, no claim is stated upon which relief may be granted. Consequently, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e).

However, out of an abundance of caution, the Court on its own motion will give Plaintiff an opportunity to allege sufficient facts to state an actionable claim for relief.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion captioned as a "Motion for Counsel and Waiver of Fees," Filing No. 4, is denied.

2. Plaintiff is directed to submit the $405.00 fees to the Clerk's office or submit a request to proceed in forma pauperis within 30 days. Failure to take either action will result in dismissal of this matter without further notice.

3. The Clerk of the Court is directed to send to Plaintiff the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

4. If Plaintiff pays the filing fee or submits a motion to proceed in forma pauperis, Plaintiff shall also have 30 days from the date of this Memorandum and Order to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. In the amended complaint, Plaintiff must comply with federal pleading requirements.

5. In the event Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

6. The Court reserves the right to conduct further review of Plaintiff's claims in the event she files an amended complaint.

7. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **May 10, 2024**—Check for MIFP or payment and amended complaint.

8. Plaintiff's Motion captioned as a "Request for Transfer Admissions," Filing No. 5, is denied.

Dated this 9th day of April, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge